UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brandon Patrick Dalton, | Case No. 20-CV-2231 (PAM/KMM) |
| Plaintiff, | |
| | **ORDER** |
| Sandstone Federal Correctional Institute, | |
| Defendant. | |

Brandon Patrick Dalton filed his Complaint in this case on October 26, 2020. ECF No. 1. At that time, he also filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 2. On November 13, 2020, the Court instructed Mr. Dalton that it could not calculate the initial partial filing fee he owed under 28 U.S.C. § 1915(b) because he had not provided information regarding the deposits to, and balance of, his trust account for the period of May 2020 through October 2020. ECF No. 3 at 3. The Court also noted a potential deficiency with Mr. Dalton's complaint. *Id.* at 3–4. In particular, Mr. Dalton was advised that he should consider naming individual actors who allegedly were deliberately indifferent to his medical needs, rather than simply naming the Sandstone Federal Correctional Institute where the events giving rise to his complaint occurred. *Id.*

Mr. Dalton responded to the Court's November 13th Order by requesting additional time to submit an amended complaint and financial information. ECF Nos. 5, 6. Mr. Dalton had been relocated to a federal prison in Yankton, South Dakota, and was required to quarantine at his new institution. On December 2, 2020, the Court granted

1

Mr. Dalton's request, stating that it would address his IFP application within 30 days or whenever additional information was received from Mr. Dalton. ECF No. 7.

On December 7, 2020, the Court received another request for an extension from Mr. Dalton, which was dated before the Court issued its December 2nd Order. ECF No. 8. Again, the Court granted Mr. Dalton's request and instructed him to file the needed financial information and any amended complaint within 45 days of the Order. ECF No. 9. As a result, Mr. Dalton's response to that Order is due on or before February 8, 2021.

In a letter dated December 16, 2020, which Mr. Dalton indicated was his amended complaint, he identified several individuals by name. ECF No. 10. Specifically, he mentioned the following people by last name: Mr. Bennett; Ms. Frye; M. Olson. M. Fuayah, and A. Balut. *Id.* at 1. Although Mr. Dalton referenced attachments to his complaint, he did not specify what each individual did that he believes violated his constitutional rights or otherwise gives rise to a legal claim. *Id.* Mr. Dalton also requested another open-ended extension of the time to submit information needed to evaluate his IFP application. *Id.* at 2. The Court denied his request for an open-ended extension on December 23, 2020, noting that his previous request for an extension gave him 45 days to submit the necessary financial information. ECF No. 12.

In a letter dated January 4, 2021, Mr. Dalton indicated that he has been forced to go from one quarantine to another since October of 2020. ECF No. 13. Mr. Dalton states that he has contracted COVID-19 and has and to quarantine with other positive cases for

an additional two weeks. *Id.* Given these developments, Mr. Dalton requests another extension of time. *Id.*

Based on this procedural history, the Court is concerned about the delay in obtaining Mr. Dalton's financial information, but the Court is mindful that prisons and prisoners are dealing with an unprecedented situation in the ongoing COVID-19 pandemic. That reality means that steps in civil litigation brought by unrepresented prisoners, like Mr. Dalton, may take considerably longer than in ordinary circumstances. Still, Mr. Dalton must provide the Court with information about the deposits to, and balance of, his trust account for the six-month period before he filed his complaint. That is the only way that the Court can calculate his initial partial filing fee and address his pending IFP application.

In addition, the letter that Mr. Dalton filed as his amended complaint does not rectify the problems with his original complaint that the Court pointed out in its November 13, 2020 Order. As the Court noted, Mr. Dalton has only named Sandstone Federal Correctional Institute as a Defendant in this case. His original complaint, however, raised concerns about deliberate indifference of prison officials. In such a case, it is critical that a plaintiff detail specifically who did what, and when they did it. *See, e.g.*, *Carlson v. Green*, 446 U.S. 14, 19–20 (1980) (explaining that a *Bivens* action is a civil suit against individual officials who have violated rights, whereas a Federal Tort Claims Act claim covers liability of the United States). Mr. Dalton's letter mentioned several individual actors, referenced attachments to his complaint, and listed certain dates, but he did not describe what each individual did, nor did he specify when each

individual took the actions he believes give rise to his claims. If Mr. Dalton wishes to file an amended complaint addressing the concerns flagged by the Court, he should draft an entirely new document that is given the title "Amended Complaint." When he does so, he should separately name each individual official he wishes to include as a defendant in the lawsuit. He must also identify, preferably in separately numbered paragraphs, what each individual did that he believes violated his constitutional rights or otherwise gives rise to a legal claim. Mr. Dalton should also specify when each individual defendant took the actions about which he is making a claim for relief.

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. Mr. Dalton's request for an extension (ECF No. 13) is **GRANTED**. His financial information and any amended complaint must be submitted **on or before March 20, 2021**.

2. The Clerk's Office is hereby **DIRECTED** to send Mr. Dalton one copy of the Long Form IFP Application.

Date: February 1, 2021            *s/ Katherine Menendez*
                                   Katherine Menendez
                                   United States Magistrate Judge

4